UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/18/2020
```

ELIJAH GREEN,

                          Plaintiff,

        -against-

WESTCHESTER COUNTY, CORRECT CARE
SOLUTIONS, and NURSE PRACTITIONER TONY
STUTTER,

                          Defendants.

19-CV-307 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Elijah Green ("Plaintiff" or "Green") commenced this action pursuant to 42

U.S.C. § 1983 against Westchester County (the "County"), Correct Care Solutions, and Nurse

Practitioner Tony Stutter (together, the "Defendants") on January 9, 2019.  (*See* Complaint

("Compl."), ECF No. 2.)  In this action, Plaintiff alleges claims sounding in the Fourteenth

Amendment to the United States Constitution in connection with medical treatment he received

as an inmate at Westchester County Correctional Facility.  (*See id.*)

        Before the Court is Defendants' Motion to Dismiss the Complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6) (the "Motion").  (*See* ECF No. 22.)  For the following reasons,

the County Defendants' Motion is GRANTED in part and DENIED in part.

## BACKGROUND

### I.    Factual Allegations

        The following facts are derived from the Complaint or matters of which the Court may

take judicial notice and are taken as true and constructed in the light most favorable to Plaintiff

for the purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

At all relevant times, Plaintiff was a pretrial detainee incarcerated at Westchester County Correctional Facility.  Plaintiff has been diagnosed with neuropathy, which he describes as an "obvious" condition that has been treated with physical therapy and muscle relaxant medication. (Compl. at 7, 8, 10.)

On or about July 12, 2018, Plaintiff was examined by the "on call" Defendant Nurse Practitioner Herbert Stoddard ("Stoddard").[1]  (*Id.* at 6.)  As part of his examination, Stoddard reviewed Plaintiff's treatment history and concluded that Plaintiff "needed an upgraded pain management medication regimen, due to the urgency of [his] diagnosed condition." (Compl. at 6–7.)  Stoddard discussed with Plaintiff the possibility of being prescribed a pain killer, Neruontin, as well as Ibuprofen for inflammation.  (Compl. at 6–7.)  Stoddard ultimately elected to continue to prescribe Plaintiff's muscle relaxant medication, and not to prescribe Neurontin and Ibuprofen.  (*Id.* at 6–8.)  Plaintiff appears to assert Defendant Stoddard did this to avoid liability for inadequate medical care.  (*Id.* at 8.)

Plaintiff has submitted several sick call slips about the severe pain and discomfort he is experiencing, which he alleges affects his daily activities and his physical wellbeing.  (*Id.*) Plaintiff seeks relief in the form of an evaluation by an orthopedist who specializes in bone and bone injuries, and a neuropathist who specializes in nerve damage and nerve pain.  (*Id.* at 10.) Plaintiff also seeks reassessment of his medications.  (*Id.*)

---

[1] Stoddard has been incorrectly sued herein as Nurse Practitioner Tony Stutter.  (*See* Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs. Mem."), ECF No. 24, at 1.)

Defendants filed their motion to dismiss the Complaint on November 4, 2019.  (ECF No. 22.)  The motion is unopposed.  (*See* ECF Nos. 26, 30, 32, 34, 37.)

## II.  LEGAL STANDARD

### a.  12(b)(6)

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable.  *Iqbal*, 556 U.S. at 678.  To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).  While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678–79.

*Pro se* complaints are to be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief."  *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)).  This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief."  *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited.  In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law."  *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000).  As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur, Inc. v. Thorpe*, No. 12 Civ. 1343 (ALC), 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

### b.  42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v.*

*City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

Liberally construed, Plaintiff's complaint asserts a cause of action under the Fourteenth Amendment to the United States Constitution against Defendant Stoddard for allegedly failing to adequately treat Plaintiff's medical condition.  Plaintiff also appears to sue Correct Care Solutions, LLC, and Westchester County for supervisory liability.  For the reasons stated below, the Court finds Plaintiff's pleading to be sufficient only as to his claim against Defendant Stoddard.

### I.    Claim of Inadequate Medical Care Against Stoddard

Because Plaintiff was a pretrial detainee at the time, his medical indifference claim is analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment.  U.S. Const. Amend. XIV; *see, e.g., Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  To set forth a due process claim under the Fourteenth Amendment, a plaintiff must allege facts to satisfy two prongs: (1) a "objective prong" showing that the plaintiff had a sufficiently serious medical need and (2) a "*mens rea* prong" showing that the state actor's conduct amounts to deliberate indifference to such needs.  *See id*; *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019).

#### a.  Objective Prong

The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain.  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  "In determining whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, [courts] consider factors such

as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Charles*, 925 F.3d at 86 (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). Often, "the actual medical consequences that flow from the denial of care are highly relevant." *Id.*

Here, Plaintiff has alleged that he experiences severe pain and discomfort, which he alleges affects his daily activities. Though the Complaint does not include further elaboration regarding Plaintiff's "neuropathy" diagnosis, the Court finds that, if his allegations are construed liberally, Plaintiff has adequately stated a serious medical need. *See Ivey v. City of New York*, No. 12 CIV. 3580 PAE JCF, 2013 WL 6838954, at *5 (S.D.N.Y. Dec. 12, 2013) (finding plaintiff with diabetes and neuropathy suffered from a serious medical condition).

### b. *Mens Rea* Prong

"[D]eliberate indifference, in the context of a Fourteenth Amendment due process claim, can be shown by something akin to recklessness, and does not require proof of a malicious or callous state of mind." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Darnell*, 849 F.3d at 33–34. Under the "*mens rea*" or "mental element" prong, a plaintiff must plausibly allege that "the defendant-official acted intentionally . . . or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, *or should have known*, that the condition posed an excessive risk to health or safety." *Strange v. Westchester Cty. Dep't of Corr.*, No. 17-CV-9968 (NSR), 2018 WL 3910829, at *2 (S.D.N.Y. Aug. 14, 2018) (quoting *Darnell*, 849 F.3d at 35) (emphasis added). This standard is "defined objectively" and "can be violated when an official does not have

subjective awareness that the official's acts . . . have subjected the detainee to a substantial risk of harm." *Darnell*, 849 F.3d at 30.

Importantly, even after *Darnell*, it is well-settled that "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Sanders v. Laplante*, No. 3:19-CV-01151 (CSH), 2019 WL 5538118, at *3 (D. Conn. Oct. 25, 2019); *see also Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence."). Thus, "following *Darnell*, the Court is faced with a difficult task. It is called upon to determine, without the benefit of medical expertise, whether an objectively reasonable person in Defendant's position would have known, or should have known, that Defendant's actions or omissions posed an excessive risk of harm." *Davis v. McCready*, 283 F. Supp. 3d 108, 120 (S.D.N.Y. 2017).

Here, Plaintiff alleges that his condition was "obvious," that Stoddard had initially concluded that Plaintiff needed an "upgraded pain management regimen," and that the Neurontin pain medication would eliminate his pain and discomfort "at a rate of 95%." (Compl. at 7.) Instead of prescribing any pain medication, however, Defendant Stoddard only provided Plaintiff with a muscle relaxant prescription. Furthermore, Stoddard apparently made this sudden reversal after discussing potential legal liability he might face regarding the medical care he provided to Plaintiff. (*Id.*) The gravamen of Plaintiff's claim is thus that he was denied *any* treatment that would directly alleviate his pain, and that this denial was motivated not by a genuine belief that this was the proper course of action, but rather by an impulse to evade a lawsuit.

It is well settled that mere disagreement with the course of treatment, absent any other harm, does not rise to the level of a medical indifference claim. *See Chance*, 143 F.3d at 703; *Randle v. Alexander*, 960 F. Supp. 2d 457, 481 (S.D.N.Y. 2013) (noting that an "inmate's

7

disagreement with his treatment or a difference of opinion over the type or course of treatment [does] not support a" deliberate indifference claim (quoting *Alston v. Bendheim*, 672 F. Supp. 2d 378, 385 (S.D.N.Y. 2009)); *Sereika v. Patel*, 411 F. Supp. 2d 397, 407–08 (S.D.N.Y. 2006) (plaintiff's allegation that he was not referred to a specialist was a "mere disagreement in treatment" and did not state a claim for deliberate indifference). But Plaintiff's contention is not that Stoddard was wrong to pick one pain medication over another—it is that Stoddard did not prescribe him any pain medication at all. This distinguishes his claim from those cited by Defendants. All the cases cited in *Wright v. Genovese* dealt with situations where the doctor had provided at least some pain medication. *See* 694 F. Supp. 2d 137, 160 (N.D.N.Y. 2010), *aff'd*, 415 F. App'x 313 (2d Cir. 2011). Similarly, the plaintiff in *Stewart v. City of New York* received Tylenol, and then Tylenol with Codeine, for his pain. 15-CV-4335 (RA), 2018 WL 1633819, at *2 (S.D.N.Y. Mar. 31, 2018).

The Court instead finds parallels between this case and *Chance v. Armstrong*, where the Second Circuit held that a plaintiff may surpass a motion to dismiss by alleging that a medical professional consciously chose "an easier and less efficacious" treatment plan. 143 F.3d at 703 (quoting *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974)). Courts are therefore required to assess the facts of the case to determine whether plaintiff has pleaded the alleged "course of treatment was the product of sound medical judgment, negligence, or deliberate indifference." *Chance*, 143 F.3d at 703. Here, the Court finds that Plaintiff has pleaded that Defendant Stoddard declined to prescribe pain medication not on the basis of his medical views, but because of legal and monetary incentives. Such an allegation of ulterior motives, if true, "would show that the defendant[] had a culpable state of mind and that their choice of treatment was intentionally wrong and did not derive from sound medical judgment." *Id.* at 704. As a result,

8

Plaintiff alleges, his painful condition continued unabated.  The Court therefore concludes that Plaintiff's claim for inadequate medical care, though unartfully pleaded, states a plausible claim for relief at this stage.

## II.    State Law Claim

Plaintiff's allegations against Defendant Stoddard, interpreted liberally, also suggest a claim for medical malpractice under state law.  Defendants argue that such claim should be dismissed for failure to allege compliance with the notice of claim requirements set forth in the New York General Municipal Law.  The Court agrees.

Section 50–i of the New York General Municipal Law requires a plaintiff to plead in the complaint that: (1) the notice of claim was served; (2) at least thirty days has elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim.  *See Horvath v. Daniel*, 423 F.Supp.2d 421, 423 (S.D.N.Y. 2006).  The burden is on the plaintiff to demonstrate compliance with the Notice of Claim requirement.  *Id*.  Because Plaintiff has failed to do so, any medical malpractice claim under New York law must be dismissed with prejudice.

## III.    *Monell* Liability

To the extent Plaintiff's claims are intended to reach Defendant Correct Care Solutions, LLC ("CCS") and Westchester County, such claims must be analyzed under the standards set forth in *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).  *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004) (under *Monell*, a plaintiff must demonstrate "that the municipality itself caused or is implicated in the constitutional violation."); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) ("Although *Monell* dealt with municipal employers, its rationale has been extended to private businesses.");

*see also Carno v. United States*, No. 17 CV 7998 (NSR), 2019 WL 2287966, at *13 (S.D.N.Y. May 28, 2019) ("[L]iability under § 1983 against . . . Correct Care needs to arise through the criteria set out in *Monell v. Dep't of Soc. Servs.* because § 1983 does not invite . . . organizations to assume liability vicariously for the conduct of rogue individuals.").

Under *Monell*, a plaintiff must demonstrate that the organization "itself caused or is implicated in the constitutional violation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004). This generally requires plaintiff to allege that "(1) an official custom or policy [] (2) subjected [him or her] to (3) a denial of a constitutional right." *Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 40 (E.D.N.Y. 2011); *see also Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) ("[A] plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality [or organization] caused the constitutional injury.").

To establish an official custom or policy, a plaintiff must first allege one of the following:

> (1) a formal policy officially endorsed by the municipality [or organization]; (2) actions taken by government officials responsible for establishing the . . . policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the . . . employees.

*White v. Westchester Cty.*, No. 18-CV-730 (KMK), 2018 WL 6726555, at *10 (S.D.N.Y. Dec. 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010)). Second, the plaintiff must establish a "'direct causal link" between the organization's "policy or custom and the alleged constitutional deprivation.'" *Hayes v. Cty. of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

The Complaint does not allege any facts relevant to a *Monell* claim.  It does not allege a formal policy related to deliberate indifference to inmates' serious medical needs, specifically prescribing medications; (2) it does not allege deliberate indifference by any individual Westchester County or CCS official, supervisor, or policymaker; (3) it does not allege other instances, let alone widespread constitutional deprivations caused by a specific custom, practice, or policy; and (4) it does not allege any failures to provide adequate training or supervision.

As the Complaint is devoid of factual allegations that would plausibly suggest a policy or custom causally linked to this alleged constitutional violation, it fails to state a cognizable *Monell* claim.  Accordingly, any claims against Westchester County and CCS are dismissed without prejudice.  Plaintiff is granted leave to replead his claims against Westchester County and/or CCS to the extent he can provide more specific factual allegations regarding their relevant customs and policies and/or training and supervision.  *Cf. Barnes v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006) (summ. order) (recognizing that a *pro se* complaint "should not be dismissed without granting leave to replead at least once when [a liberal] reading gives any indication that a valid claim might be stated" (quotations omitted)).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's claims against Defendants Westchester County and Correct Care Solutions, LLC are dismissed without prejudice.  Plaintiff's medical malpractice claim is dismissed with prejudice.  Plaintiff's constitutional deliberate indifference claim against Defendant Tony Stoddard remains.

Plaintiff may file an Amended Complaint consistent with this Opinion, on or before November 18, 2020, should he choose to reassert his claims against Westchester County or CCS

that were dismissed without prejudice.  Because Plaintiff's Amended Complaint will completely replace, not supplement, the Complaint, any facts or claims that Plaintiff wishes to remain must be included in the Amended Complaint.  Failure to timely replead may result in dismissal of Plaintiff's claims against Westchester County and CCS with prejudice.

　　　　If Plaintiff does not file an Amended Complaint by November 18, 2020, Defendant Stoddard is directed to file an answer to the Complaint on or before December 18, 2020.  The parties are directed to confer, complete, and submit to the Court the attached case management plan on or before January 8, 2021.

　　　　Accordingly, the Clerk of the Court is respectfully directed to terminate Defendants' Motion to Dismiss at ECF No. 22.  The Clerk of the Court is further directed to terminate Defendants Westchester County and Correct Care Solutions.  The Clerk of the Court is also directed to mail a copy of this Opinion to *pro se* Plaintiff at his last address listed on ECF and file proof of service on the docket.

Dated: September  18, 2020　　　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 2:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 3:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

Defendant 4:

First Name                          Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                          Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

UNITED STATES DISTRICT COURT                          Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x


                                                **CIVIL CASE DISCOVERY PLAN**
                              Plaintiff(s),      **AND SCHEDULING ORDER**

        - against -


                              Defendant(s).      _____ CV _____ (NSR)


-------------------------------------------------------------x

        This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with
counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

    1.      All parties [consent] [do not consent] to conducting all further proceedings before
            a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).
            The parties are free to withhold consent without adverse substantive consequences.
            (If all parties consent, the remaining paragraphs of this form need not be
            completed.)

    2.      This case [is] [is not] to be tried to a jury.

    3.      Joinder of additional parties must be accomplished by _____.

    4.      Amended pleadings may be filed until _____. Any party
            seeking to amend its pleadings after that date must seek leave of court via motion.

    5.      Interrogatories shall be served no later than _____, and responses
            thereto shall be served within thirty (30) days thereafter.  The provisions of Local
            Civil Rule 33.3 [shall] [shall not] apply to this case.

    6.      First request for production of documents, if any, shall be served no later than
            _____.

    7.      Non-expert depositions shall be completed by _____.

        a.      Unless counsel agree otherwise or the Court so orders, depositions shall not
                be held until all parties have responded to any first requests for production
                of documents.

        b.      Depositions shall proceed concurrently.

        c.      Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8.     Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.     Requests to Admit, if any, shall be served no later than _____.

10.    Expert reports shall be served no later than _____.

11.    Rebuttal expert reports shall be served no later than _____.

12.    Expert depositions shall be completed by _____.

13.    Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.    **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.    Any motions shall be filed in accordance with the Court's Individual Practices.

16.    This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.    The Magistrate Judge assigned to this case is the Hon. _____.

18.    If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.    The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)


SO ORDERED.

Dated:  White Plains, New York
        _____


                                        _____
                                        Nelson S. Román, U.S. District Judge